IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00372-GPG

FRANK K. DICKMAN, JR.,

    Plaintiff,

v.

MICROSOFT CORPORATION, and
SATYA NADELIA (CEO Microsoft Corporation),

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Frank K. Dickman, Jr., is a resident of New Mexico. Mr. Dickman initiated this action by filing *pro se* a Complaint for a Civil Case (ECF No. 1). On February 15, 2018, Magistrate Judge Gordon P. Gallagher ordered Mr. Dickman to show cause why the action should not be dismissed or transferred because of improper venue. On March 5, 2018, Mr. Dickman filed a response to the show cause order arguing that he "can file this claim in the District Court of Colorado because I choose to on my sole discretion alone." (ECF No. 6 at 1.)

    The Court must construe the complaint and other documents filed by Mr. Dickman liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    Mr. Dickman claims his Fourteenth Amendment rights have been violated because Defendant Microsoft Corporation refuses to replace the licensed operating system for his

laptop computer.   He seeks damages as relief.

Mr. Dickman's assertion that he has the sole discretion to determine where to file this action is incorrect.   Instead, the general federal venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).   If venue is not proper, the Court may cure the defect *sua sponte* pursuant to 28 U.S.C. § 1406(a).   *See Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).   Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Mr. Dickman fails to allege facts that demonstrate this action properly may be brought in the District of Colorado.   Therefore, pursuant to § 1406(a), the Court must either dismiss the case or, if it is in the interests of justice, transfer the case to another federal district.

The Court is not persuaded that it would be in the interests of justice to transfer this case to another federal district.   As Magistrate Judge Gallagher noted in the show cause order, Mr. Dickman's Fourteenth Amendment claim properly is construed as being asserted pursuant to 42 U.S.C. § 1983, which "provides a federal cause of action against

any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).   However, Mr. Dickman fails to allege facts that demonstrate any Defendant is a state actor subject to suit under § 1983.   "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."   *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).   "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."   *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).   Therefore, the only proper defendants in a § 1983 action are those who "'represent [the State] in some capacity, whether they act in accordance with their authority or misuse it.'"   *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

For these reasons, the case will be dismissed without prejudice for improper venue.   The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Complaint for a Civil Case (ECF No. 1) and the action are dismissed without prejudice pursuant to 28 U.S.C. § 1406(a) for improper venue.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied

without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this <u>  21st  </u> day of <u>    March    </u>, 2018.

BY THE COURT:

<u>  s/Lewis T. Babcock                </u>
LEWIS T. BABCOCK, Senior Judge
United States District Court